**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| ZAIDA VILLARREAL | § | |
| Plaintiff, | § | CAUSE NO. 7:14-cv-584 |
| | § | |
| VS. | § | |
| | § | |
| | § | NOTICE OF REMOVAL |
| WELLS FARGO BANK, N.A. et al. | § | PURSUANT TO 28 U.S.C. § 1332 |
| Defendants. | § | (DIVERSITY JURISDICTION) |

PLEASE TAKE NOTICE that Defendant, Wells Fargo Bank, N.A. ("Wells Fargo") by and through its counsel of record, hereby removes this civil action to the United States District Court for the Southern District of Texas, McAllen Division from the 332nd Judicial District of Hidalgo County, Texas, and respectfully shows as follows:

### PARTIES AND PROCEDURAL HISTORY

1.       Plaintiff, Zaida Villarreal, is a resident of Cameron County, Texas.

2.       Defendant, Wells Fargo Bank, N.A., is a foreign corporation incorporated in the State of South Dakota. Wells Fargo Bank, N.A. is the successor by way of merger to Wells Fargo Home Mortgage, Inc., and is a National Banking Association pursuant to federal law. *See* Exhibit "1."

3.       Defendant, Judi Flowers, a nominal Defendant, is a resident of the State of Texas.

4.       On or about June 4, 2014, Plaintiff filed suit in the 332nd Judicial District of Hidalgo County, Texas. *See* Exhibit "B."  Plaintiff's entire suit is predicated upon a foreclosure sale which took place on July 2, 2013.  *See* Exhibit "C," at § V.  Plaintiff's pleading sets forth purported causes of action for (1) wrongful foreclosure; (2) an alleged breach of contract; (3) negligence; and (4) an alleged violation of the Texas Deceptive Trade Practices Act.  A copy of

Exhibit 1 - Defendant's Notice of Removal                    1

the state court pleadings is attached hereto as Exhibit "C." Defendants were served with Plaintiff's Original Petition on June 17, 2014.  *See* Exhibit ""B."

5.       This Notice of Removal is filed within thirty (30) days of the day on which Defendants were served with Plaintiff's suit.  Defendant's filing of this Notice of Removal is timely under 28 U.S.C § 1446(b).

### CONSENT OF CO-DEFENDANT

6.       The undersigned counsel is also counsel for Judi Flowers.  Ms. Flowers is employed by Defendant and is a nominal Defendant.  Ms. Flowers consents to removal.

### REMOVAL BASED ON DIVERSITY JURISDICTION

7.       The district courts of the United States have original jurisdiction over this action because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332(a).

### A.       Plaintiff has Improperly Joined In-State Defendants to Destroy Diversity

8.       It is undisputed that Plaintiff and Defendant Wells Fargo are completely diverse, but Co-Defendant, Judi Flowers, like Plaintiff, is a citizen of Texas.  However, in line with several recent decisions from district courts across the State of Texas, this Court may conclude that Ms. Flower's citizenship may be disregarded for diversity purposes.  *See Kopczynski v. Wal-Mart Stores Texas LP*, 2011 U.S. Dist. LEXIS 25625, 2011 WL 902237, at *6 (S.D. Tex. Mar. 14, 2011); *see also Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 572-573 (5th Cir. 2004); *DTND Sierra Invs. LLC v. Bank of Am., N.A.*, 871 F. Supp. 2d 567, 570-71 (W.D. Tex. 2012); *DTND Sierra Invs. LLC v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 3023 *3 (W.D. Tex. Jan. 8, 2013);*Zavala v. M&T Trust Co*., 2011 U.S. Dist. LEXIS 147119 (W.D. Tex. Dec. 22, 2011);

Exhibit 1 - Defendant's Notice of Removal                    2

*see also Jones v. Bank of America, N.A.*, No. 2:11cv443, 2012 U.S. Dist. LEXIS 15203, 2012 WL 405053, at *4 (E.D. Va. Feb. 7, 2012); *Kenny v. Bank of America, N.A.*, No. 4:11cv120, 2011 U.S. Dist. LEXIS 139168, 2011 WL 6046452, at *4 (E.D. Va. Dec. 5, 2011).

9.      Pursuant to Fifth Circuit case law, for removal purposes, this Court can disregard non-diverse defendants when (1) the plaintiff has fraudulently pleaded jurisdictional facts to add the non-diverse or local defendant, (2) the plaintiff has no possibility of establishing a cause of action against the non-diverse or local defendant, or (3) the claims against the non-diverse or local defendant have no real connection to the claims against the other defendants. *See Salazar v. Allstate Tex. Lloyd's Inc.*, 455 F.3d 571, 574 (5th Cir.2006).  Put another way, a "federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *Cantor v. Wachovia Mortgage FSB*, 641 F. Supp. 2d 602, 612 (N.D. Tex. 2009) (disregarding citizenship of trustee after finding that trustee was improperly joined).

10.     Whether a party is "nominal" for removal purposes depends on "whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Id.* (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local* 349, 427 F.2d 325, 327 (5th Cir. 1970)).  Additionally, a party is nominal if its role is restricted to that of a "depositary or stakeholder." *Louisiana v. Union Oil Co. of Calif.*, 458 F.3d 364, 366-67 (5th Cir. 2006). Whether a party is nominal does not depend on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant. *Id.*

11.     As noted in paragraph 6, *supra,* Co-Defendant Judi Flowers is a Wells Fargo employee.  In this instance, Ms. Flowers has no real connection to the claims asserted by

Exhibit 1 - Defendant's Notice of Removal                    3

Plaintiff.   In fact, Plaintiff's Original Petition mentions her by name only twice (when she is listed as a Defendant, and when Plaintiff sets forth her venue allegations).  *See* Exhibit "C."

12.     Plaintiff makes no specific factual allegations against Ms. Flowers, whatsoever, let alone does Plaintiff allege any specific conduct to indicate that Ms. Flowers was not acting within the course and scope of her employment at the time of the incident made the basis of this suit.  *See Kopczynski v. Wal-Mart Stores Texas LP,* 2011 U.S. Dist. LEXIS 25625, 2011 WL 902237, at *6 (S.D. Tex. Mar. 14, 2011); *see also  Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)).  Consequently, Plaintiff has no possibility of establishing a cause of action against Co-Defendant.  *See Smallwood*, 385 F.3d at 573; *DTND Sierra Invs. LLC.*, 871 F. Supp. 2d at 570-71; *Kopczynski v. Wal-Mart Stores Texas LP,* 2011 U.S. Dist. LEXIS 25625, at *6; *see also J.T.T.,* 162 S.W.3d at 562.  Accordingly, Ms. Flowers must be considered a "nominal defendant," and the Court may disregard her presence for the purposes of diversity jurisdiction.  *Smallwood*, 385 F.3d at 573; *DTND Sierra Invs. LLC.*, 871 F. Supp. 2d at 570-71; *Kopczynski v. Wal-Mart Stores Texas LP,* 2011 U.S. Dist. LEXIS 25625, at *6; *see also J.T.T.,* 162 S.W.3d at 562*.

**B.     Complete Diversity of Citizenship Between the Parties**

13.     Plaintiff is a natural person. For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled. *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007). Plaintiff was at the time the action was filed, and is currently, domiciled in the State of Texas. At the time the action was filed, and currently, the Plaintiff resided at, and, upon information and belief, intends to remain there permanently. Consequently, Plaintiff was at the time the State Court Action was filed, and is currently, a citizen of the State of Texas.

Exhibit 1 - Defendant's Notice of Removal                    4

14. As noted in paragraph 2, *supra*, Defendant Wells Fargo Bank, N.A. is a foreign corporation incorporated in the State of South Dakota and is a National Banking Association pursuant to federal law. At the time the state court action was commenced, and at the time of Removal, Wells Fargo is, and currently remains, diverse in citizenship from the Plaintiff. *See* 28 U.S.C. § 1332(a)(1). Accordingly, there is complete diversity among the non-nominal parties.

**C. The Amount in Controversy Exceeds $75,000.00 Exclusive of Interest and Costs**

15. According to Plaintiff's Original Petition, she is seeking "monetary relief of over $200,000 but not more than $1,000,000.00." *See* Exhibit "C," at § I. Therefore, by Plaintiff's own admission, the $75,000 amount in controversy threshold of 28 U.S.C. § 1332(a) has been satisfied.

## VENUE

16. Venue of this removed action is proper in this Court because this district and division embrace the place where the state-court removed action was pending. 28 U.S.C. § 1441(a).

## DEFENDANT HAS MET THE REQUIREMENTS FOR REMOVAL

17. Defendant has complied with all applicable provisions of 28 U.S.C. § 1441 *et seq*., the applicable Federal Rules of Civil Procedure, and the Local Rules of this District.

18. Further, Defendant attaches hereto those materials required to be filed upon removal in accordance with the Local Rules for the United States District Court, Southern District of Texas. Additionally, the appropriate filing fee has been tendered to the Clerk of the United States District Court for the Southern District of Texas, McAllen Division, along with the original Notice of Removal.

## ATTACHMENTS

Exhibit 1 - Defendant's Notice of Removal                    5

19. In support of this Notice of Removal, Defendant has attached the following exhibit:

(a) Exhibit "1" –FDIC Key Demographic Information obtained from http://www2.fdic.gov/idasp/confirmation.asp?inCert1+3511&AsOf=9/30/10.

20. As required by 28 U.S.C. § 1446(a), true and correct copies of the following documents are also attached:

(a) Exhibit "A" - Index of Documents Attached to Notice of Removal;

(b) Exhibit "B" - The Docket Sheet from the state court of action;

(c) Exhibit "C" - State court materials;

(d) Exhibit "D" - A list of all counsel of record, including addresses, telephones and parties represented;

(e) Exhibit "E" - Certificate of Interested Parties;

(f) Exhibit "F" - Corporate Disclosure Statement; and

(g) Exhibit "G" – Notice of Removal to The State Court.

## NOTICE OF REMOVAL PROVIDED TO STATE COURT

21. Pursuant to 28 U.S.C. § 1446(d), Defendant shall file a copy of this Notice of Removal with the District Clerk of Hidalgo County, Texas and the Clerk of 332nd Judicial District, the Court where the action has been pending. A copy of the Notice is attached hereto as Exhibit "G."

WHEREFORE, Defendant prays that this Honorable Court take full jurisdiction of this action as if it had been originally filed here to the exclusion of any further proceedings in the state court, in accordance with law, and for any such other or further relief to which Defendant may show itself entitled to herein.

Exhibit 1 - Defendant's Notice of Removal                6

DATED: July 7, 2014        Respectfully submitted,

**THE CARLSON LAW OFFICE, PLLC**
Two Twin Oaks
227 North Loop 1604 East, Suite 150
San Antonio, Texas 78232
(210) 819-4800 (Telephone)
(210) 569-6256 (Facsimile)

By:      _____

Scott A. Carlson
State Bar No. 00793052
Federal ID No. 437149

ATTORNEY FOR DEFENDANTS WELLS
FARGO BANK, N.A., AND JUDI FLOWERS

## **DECLARATION**

STATE OF TEXAS          §
                        §
COUNTY OF BEXAR         §

     I, Scott Carlson, under penalty of perjury state that the document attached to the foregoing Notice of Removal is a true and correct copy of the original. In particular, I state as follows:

1) Exhibit "1" – consists of FDIC Key Demographic Information obtained from http://www2.fdic.gov/idasp/confirmation.asp?inCert1+3511&AsOf=9/30/10.

By: _____

       Scott A. Carlson

Exhibit 1 - Defendant's Notice of Removal          8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been provided to the following counsel of record by facsimile on this 7th day of July, 2014.

Mr. Arturo R. Cantu
Attorney at Law
7417 North 10th
McAllen, Texas 78504
(956) 668-1346 - telephone
(956) 668-2347 – facsimile
Cantu_atty@netzero.net

**Counsel for Plaintiff, Zaida Villarreal**

_____
Scott A. Carlson

Exhibit 1 - Defendant's Notice of Removal                    9