UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ZAIDA VILLARREAL, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:14-CV-584 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

### ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER
### AND ENTERING FINAL DISMISSAL

**I.   Factual and Procedural Background**

Now before the Court is Plaintiff Zaida Villarreal's "Motion Requesting the Court Reconsider Its Ruling on Dismissing Plaintiff's Wrongful Foreclosure Claim, Texas Deceptive Trade Claim, and Breach of Contract Claim" (Dkt. No. 24); and Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") "Motion for Protection from Plaintiff's First Set of Interrogatories and First Set of Requests for Production" (Dkt. No. 22).  In Plaintiff's Original Petition filed on June 4, 2014 in state court,[1] Plaintiff alleged that Wells Fargo failed to provide proper notice prior to the July 2, 2013 foreclosure on Plaintiff's property, and that it failed to properly set up and maintain automatic withdrawal payments from Plaintiff's checking account to pay the loan secured by the property.  (Dkt. No. 1, Exh. C).[2]  On these bases, the Original Petition asserted causes of action for wrongful foreclosure, violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of contract, and negligence.  *Id.*  On July 14, 2014, Wells Fargo moved to

---

[1] Wells Fargo properly removed the case to this Court on July 7, 2014.  *See* (Dkt. Nos. 1, 19).
[2] Plaintiff and her former husband, Oscar Ballesteros, financed the purchase of the subject property with two notes from Wells Fargo in the amounts of $188,000.00 and $35,250.00, both signed by Ballesteros only and secured by deeds of trust signed by Ballesteros and Plaintiff. (Dkt. No. 5, Exhs. 3, 4; Dkt. No. 9, Exh. A at § VI; Dkt. No. 16, Exhs. 4, 5).

dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6), and on August 18, 2014, Plaintiff moved for leave to amend her pleading to add factual allegations responsive to the motion to dismiss. (Dkt. Nos. 5, 9). On September 15, 2014, the Court partially granted and partially denied both motions. (Dkt. No. 19). The Court determined that, even as amended, Plaintiff's wrongful foreclosure, DTPA, and negligence claims were subject to dismissal under Rule 12(b)(6), as was her breach of contract claim premised on Wells Fargo's alleged failure to properly set up and maintain automatic withdrawal payments. *Id.* Therefore, the Court granted Wells Fargo's motion to dismiss these claims and denied Plaintiff's motion for leave to amend them. *Id.* On the remaining claim—that Wells Fargo breached its contract with Plaintiff by failing to provide proper notice prior to the July 2, 2013 foreclosure—the Court determined that Plaintiff's proposed amended pleading sufficiently alleged that Wells Fargo failed to provide all required notices to Plaintiff's last known address at 100 E. Yuma Avenue, Apt. 33, McAllen, Texas 78503 ("100 E. Yuma"), the address on Plaintiff's checking account from which automatic payments on the $188,000.00 note were to be withdrawn. *Id.* Therefore, the Court denied Wells Fargo's motion to dismiss Plaintiff's notice-based breach of contract claim, and granted Plaintiff's motion for leave to amend her pleading for the narrow purpose of asserting that claim. *Id.*

Notably, Plaintiff never filed an amended pleading for this purpose. Instead, nearly two months after entry of the Court's order, Plaintiff moved for the Court to reconsider its dismissal of all but Plaintiff's negligence claim ("Motion to Reconsider"). (Dkt. No. 21).[3] Wells Fargo then filed the instant Motion seeking protection from further discovery and, in the event the Court denies the motion to reconsider, a final order of dismissal, in light of the fact that no active

---

[3] Plaintiff's original motion to reconsider was stricken for failure to comply with the Local Rules. (Dkt. No. 23). The refiled Motion is the one now pending before the Court. (Dkt. No. 24).

controversy exists ("Motion for Protection and Final Dismissal"). (Dkt. No. 22). Upon consideration of the Motions, Wells Fargo's response to the Motion to Reconsider (Dkt. No. 26),[4] and the record, in light of the relevant law, the Court finds that it must deny reconsideration and dismiss the action in its entirety.

## II.   Analysis

### A.   Notice-Based Breach of Contract Claim

Finding it relevant to the disposition of both Motions, the Court first addresses the absence of any live breach of contract claim premised on Wells Fargo's failure to provide proper notice prior to the July 2, 2013 foreclosure. Again, although the Court granted leave to Plaintiff to amend her pleading to assert this claim, Plaintiff has filed no amended pleading. Wells Fargo suggests that this is because initial discovery produced by *Plaintiff* has negated the proposed, factual bases for the claim. (Dkt. No. 22). More specifically, Plaintiff has produced evidence that she received her combined checking and savings account statements for April and May 2013 at 201 Bales Rd Apt 18, McAllen, Texas 78503 ("201 Bales"), and that around the time Wells Fargo sent the required notices in June 2013, she faxed a Third Party Authorization form to Wells Fargo that listed her address as 201 Bales. (Dkt. No. 22-3, 22-4). As discussed in the Court's prior order, Wells Fargo has produced evidence that all required notices were sent to and received by Plaintiff at 201 Bales. (Dkt. No. 19). Notably, Plaintiff has not attempted to refute the reason given by Wells Fargo for her failure to amend her pleading. Moreover, given that Plaintiff has instead opted to move for reconsideration of the dismissal of her other claims, the Court can comfortably assume that she has abandoned her breach of contract claim premised on Wells Fargo's alleged failure to send all required notices to 100 E. Yuma.

---

[4] Plaintiff failed to respond to the Motion for Protection and Final Dismissal.

B.    **Plaintiff's Motion to Reconsider**

1.    **Standard of Review**

The Federal Rules of Civil Procedure do not provide specifically for reconsideration, but allow courts to grant relief from a final judgment or order under Rule 60(b). *See* FED. R. CIV. P. 60(b). Rule 60(b) lists six bases for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60. Rule 60(b)(1) "may be used to rectify an obvious error of the law, apparent on the record." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (quoting *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)) (internal quotations omitted). A motion pursuant to Rule 60(b)(6), the "catch-all provision…meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions," "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).

2.    **Analysis**

a.    **Wrongful Foreclosure**

In an apparent appeal to Rule 60(b)(1), Plaintiff asserts that the Court erred in finding that

allegations of a grossly inadequate sales price are necessary to state a claim for wrongful foreclosure under Texas law. (Dkt. No. 24). In support, Plaintiff cites to three district courts' observations that that a foreclosure sale may be set aside as invalid if the notices required by § 51.002 of the Texas Property Code are not properly and timely served, or are not provided at all. (Dkt. No. 24); *Porterfield v. JP Morgan Chase, N.A.*, 2014 WL 3587783, at *15 (W.D.Tex. July 21, 2014); *James v. Wells Fargo Bank, N.A.*, 2014 WL 2123060, at *7 (S.D.Tex. May 21, 2014); *Sledge v. JP Morgan Chase Bank*, 2014 WL 51169, at *4 (W.D.Tex. Jan. 7, 2014).[5] However, none of these cases affirmatively recognized a cause of action supported only by a showing of improper notice. *See Porterfield*, 2014 WL 3587783, at *16 (where plaintiffs could "hardly argue they had no notice at all that the Property was subject to foreclosure," failure to provide required notices "only goes toward the first element of [the] wrongful foreclosure claim (i.e. a defect in the foreclosure proceeding)"); *James*, 2014 WL 2123060, at *6 (action to set aside foreclosure sale for failure to provide required notices must be supported by independent cause of action); *Sledge*, 2014 WL 51169, at *4 (plaintiffs did not allege violation of statutory notice requirements). Therefore, Plaintiff has identified no clear error by the Court, and even if she had, Plaintiff also has failed to dispute that she received all required notices at the address she provided to Wells Fargo. Accordingly, no basis exists to reconsider the Court's dismissal of Plaintiff's wrongful foreclosure claim.

b. **DTPA Violations**

As the Court observed in its prior order, a plaintiff qualifies as a consumer under the

---

[5] Plaintiff also cites to the holding in *Lombardi v. Bank of Am.*, 2014 WL 988541 (N.D.Tex. Mar. 13, 2014), that the plaintiff's "wrongful foreclosure claim for failure to provide notice under § 51.002(d) of the Tex. Prop. Code should be allowed to proceed," but the court also made clear that such lack of notice constituted the defect in the foreclosure sale proceedings, and that "'it is also necessary that there be [a] [grossly] inadequate selling price resulting from the defect.'" *Id.* at *19-20 (quoting *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D.Tex. 2011)); *see* (Dkt. No. 24).

DTPA if she "seeks or acquires by purchase or lease, any goods or services…." (Dkt. No. 19) (quoting TEX. BUS. & COM. CODE § 17.45(4)). The alleged services forming the basis for Plaintiff's DTPA claim are those acquired from Wells Fargo "to automatically make monthly withdrawals from her checking account to pay the [$188,000.00] Note which eventually led to the foreclosure." *Id.* Plaintiff now contends that if allowed to amend her pleading once again, she would supply the following consideration received in exchange for these services:

> [T]he consideration for acquiring the services of the automatic withdrawal payments was that she had to open up a savings account with [Wells Fargo] and agree that $25.00 would be deposited into the savings account from her checking account. If Plaintiff did not open up a savings account with a $25.00 monthly deposit, then the consideration would be a monthly fee.

(Dkt. No. 24). However, as the Court previously observed, services that are merely incidental to a loan transaction, rather than its objective, do not confer consumer status under the DTPA. (Dkt. No. 19). Although the Court supplied an additional reason for dismissing Plaintiff's DTPA claim—that Plaintiff had failed to allege how she acquired the alleged services "by purchase or lease"—the fact that such services were incidental to the loan transaction is dispositive. *Id.* Moreover, Plaintiff has proposed to allege that she acquired Wells Fargo's services on December 27, 2012, and that Wells Fargo withdrew only the January through March 2013 payments, leading to the July 2, 2013 foreclosure. *Id.* However, as discussed *infra*, the default leading to the foreclosure predated the set-up and maintenance of the automatic payments, and more specifically Wells Fargo's failure to withdraw the April and May 2013 payments. Therefore, Plaintiff cannot plausibly allege that any false, misleading, or deceptive act by Wells Fargo in connection with the acquired services was a producing cause of her damages. For these reasons, Plaintiff's proposed amendments would be futile, and her request to reconsider the dismissal of her DTPA claim must be denied.

### c.   Breach of Contract

Again, a breach of contract claim requires a showing of damages sustained by the plaintiff as a result of the breach. (Dkt. No. 19). Plaintiff previously proposed to amend her pleading to allege that Wells Fargo breached its contract with Plaintiff by terminating her automatic withdrawal payments after March 2013, leading to the July 2, 2013 foreclosure. *Id.* In response, Wells Fargo argued that the $188,000.00 note was in default as of August 7, 2011; therefore, Plaintiff could not have suffered any injury as a result of Wells Fargo's alleged failure to withdraw payments on the note in 2013. *Id.* The Court found that Plaintiff's amended pleading plausibly alleged that her payments on the note were current in late 2011, but that she had made no allegations concerning payment of all amounts due on the note in 2012, or to explain why the delinquency as of May 30, 2013 would have been $7,386.61 absent a default that predated the automatic withdrawal payments. *Id.* Therefore, even as amended, Plaintiff's pleading did not plausibly allege that Wells Fargo's failure to properly set up and maintain the automatic withdrawal payments, and more specifically to deduct the April and May 2013 payments, resulted in her damages. *Id.*

Plaintiff's Motion attaches evidence that she cured the 2011 default, but such evidence is immaterial since the Court's order afforded her this assumption. (Dkt. No. 24, Exh. A). Plaintiff also attaches receipts reflecting monthly payments on the loan throughout 2012. (Dkt. No. 24, Exh. B). In response, Wells Fargo has offered its Customer Account Activity Statement detailing all payments and credits made during the life of the loan. (Dkt. No. 26-4). This evidence reflects that as of December 5, 2012, the loan was in default because Plaintiff's December 2012 payment was rejected due to insufficient funds. *See id.* The default was never cured, and in

March 2013, was further exacerbated when Wells Fargo purchased force-placed insurance to protect its security interest. *Id.* In sum, this evidence does not overcome the Court's previous finding that Plaintiff failed to plausibly allege a breach by Wells Fargo that resulted in her damages. Therefore, Plaintiff's request for reconsideration must be denied.

C. **Wells Fargo's Motion for Protection and Final Dismissal**

Since no viable claim remains in this action, Wells Fargo's Motion for Final Dismissal will be granted. (Dkt. No. 22). Accordingly, the Motion for Protection from discovery is moot. *Id.*

III. **Conclusion**

For the foregoing reasons, the Court hereby **ORDERS**:

Plaintiff's Motion to Reconsider (Dkt. No. 24) is **DENIED**;

Wells Fargo's Motion for Final Dismissal (Dkt. No. 22) is **GRANTED** and this action is dismissed with prejudice; and

Wells Fargo's Motion for Protection from discovery (Dkt. No. 22) is **MOOT**.

SO ORDERED this 22nd day of January, 2015, at McAllen, Texas.

_____
Randy Crane
United States District Judge